# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

Civil Action No.

TF INTELLECTUAL PROPERTY PTY LTD,

    Plaintiff,

v.

SAMUEL Y. SALEHE,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff TF Intellectual Property Pty Ltd ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint for trademark cancellation against Defendant Samuel Y. Salehe ("Defendant"), and in support thereof states as follows:

## NATURE OF THE ACTION

1. This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO") under 15 U.S.C. § 1071(b) and for cancellation of a U.S. trademark registration under 15 U.S.C. § 1119.

2. On November 12, 2021, Plaintiff initiated Cancellation No. 92078249 against Defendant's U.S. Registration 5004383 before the TTAB, on the basis of abandonment ("Cancellation Proceeding").

3. On August 24, 2023, a TTAB panel denied Plaintiff's Petition for Cancellation. A copy of the TTAB's August 24, 2023 decision is attached as <u>Exhibit 1</u>.

4. On September 25, 2023, Plaintiff filed a Request for Reconsideration with the TTAB, which request was denied on October 3, 2023. Copies of the Request for Reconsideration and Order denying the same are attached as <u>Exhibit 2</u>.

5. This appeal is timely filed in accordance with 15 U.S.C. § 1071(b)(1). Plaintiff filed a Motion for Extension of Time to Commence Judicial Review with the TTAB on December 4, 2023, which the TTAB granted on December 13, 2023, thus extending the deadline for Plaintiff to seek judicial review through and including January 17, 2024.

## PARTIES

6. Plaintiff TF Intellectual Property Pty Ltd is a proprietary limited company organized under the laws of Australia with a business address at: 39 Kerry Road, Archerfield, QLD AUSTRALIA 4108.

7. Upon information and belief, Defendant Samuel Y. Salehe is an individual residing in Knoxville, Tennessee.

## JURISDICTION AND VENUE

8. This Court had subject matter jurisdiction over this Complaint under 15 U.S.C. § 1071(b), and 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendant because he is a resident of the State of Tennessee.

10. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant resides and is domiciled in this District.

## GENERAL ALLEGATIONS

A. **Defendant's Registration.**

11. Defendant owns U.S. Trademark Registration No. 5004383 for the mark **ANTI** ("Defendant's Registration").

B. **Plaintiff's Efforts to Register its Marks.**

12. On March 5, 2021, Plaintiff filed the following Trademark Application (hereinafter, the "Application"):

| Mark | Serial No. | Services |
|---|---|---|
| ANTI (inverted) | 79307606 | **IC 09**: Protective masks<br><br>**IC 14**: Articles of jewellery; bracelets (jewellery); cases adapted to contain items of jewellery; charms for jewellery; ear ornaments in the nature of jewellery; gold jewellery; gold thread (jewellery); jewellery; jewellery fashioned from non-precious metals; jewellery fashioned of cultured pearls; jewellery fashioned of precious metals; jewellery items; jewellery made from gold; jewellery made from silver; jewellery made of bronze; jewellery made of crystal; jewellery made of glass; jewellery made of non-precious metal; jewellery products; jewellery stones; jewellery watches; neck chains (jewellery); pendants (jewellery); pewter jewellery; precious jewellery; ring bands (jewellery); sterling silver jewellery; trinkets (jewellery); bands for watches; bracelets and watches combined; bracelets for watches; cases (fitted) for watches; cases of precious metals for watches; chronographs (watches); digital watches with automatic timers; electrically operated movements for watches; electronic watches; mechanical watches with automatic winding; mechanical watches with manual winding; ornaments of precious metals incorporating watches; pendant watches; pocket watches; presentation boxes for watches; presentation cases for watches; quartz movements for watches; sports watches; stop watches; watches; watches made of gold; watches made of plated gold; watches made of |

3

precious metals; watches made of rolled gold; wrist straps for watches; wrist watches; chains (jewellery); quartz watches

**IC 18**: Articles of luggage; articles of luggage being bags; bags for shaving kits; bags for sports; bags for toiletry kits; bags for transport of clothes; bags for use in sports for carrying sports clothing; bags made of imitation leather; bags made of leather; beach bags; belt bags; book bags; casual bags; clutch bags; cosmetic bags (not fitted); evening bags; garment bags for travel; hat bags; jewellery bags (empty); leather bags; make-up bags; net bags for shopping; overnight bags; portable bags (luggage); shoe bags; shopping bags; shoulder bags; sling bags; toilet bags; tote bags; travel bags; waist bags; weekend bags; luggage; luggage tags; travel goods (luggage); chain mesh purses; clutch purses; coin purses; cosmetic purses (not fitted); evening purses; leather purses; purses; leather wallets; pocket wallets; credit card cases (wallets); card holders (wallets); key cases; boxes of leather or leather board; backpacks

**IC 25**: headbands (clothing); jackets (clothing); knitwear (clothing); pants (clothing); polo shirts; printed t-shirts; shirts; short-sleeve shirts; t-shirts; tee-shirts; skirts; dresses; suits; underwear; coats; dressing gowns; neckties; hosiery; socks; shoes; mittens; slippers; footwear; bandanas (neckerchiefs); shawls; scarfs; swimming suits; outerclothing; pyjamas; baseball caps; beach caps; caps being headwear; flat caps; berets; shorts; jumpers (pullovers); jumpers (sweaters); polo neck jumpers; sports jumpers; singlets; sports singlets; wristbands (sweatbands); belts (clothing); denims (clothing); sleepwear; gloves (clothing); sleep masks; eye masks; hoods (clothing); bibs made of textile materials

**IC 35**: Advertising; advertising by mail order; advertising services provided over the internet; advertising services provided via a data base; arranging exhibitions for advertising purposes; online advertising on a computer network; promotional advertising services; online retail services; retail services; retailing of goods (by any means); department store retailing; telephone order services for goods; retail clothing shop services; wholesaling of goods (by any means)

**IC 42**: Design of commercial products; commercial and graphic art designing; commercial design services; design of clothing; clothing and fashion designing; clothing design

| | | services; textile design services; graphic art design; graphic design of logos; jewellery design services; shopfitting design services; design of shops; design of watches; online provision of web-based applications (non-downloadable); software as a service (saas) |
|---|---|---|

13. On May 18, 2021, the USPTO refused to register the mark ANTI shown in the Application based on Defendant's U.S. Registration No. 5004383 for the mark ANTI.

14. On November 12, 2021, Plaintiff initiated the Cancellation Proceeding to cancel Defendant's Registration alleging abandonment.

### C. The Cancellation Proceeding.

15. On November 12, 2021, Plaintiff initiated the Cancellation Proceeding to cancel Defendant's Registration alleging abandonment.

16. On February 22, 2023, the TTAB granted Plaintiff's Motion for Summary Judgment for cancellation of Defendant's Registration for baseball caps and hats and crew neck sweaters due to abandonment. The TTAB denied Plaintiff's Motion for Summary Judgment for cancellation of Defendant's Registration for short-sleeved t-shirts, long-sleeved t-shirts, and beanies.

17. On August 24, 2023, after consenting to the TTAB's Accelerated Case Resolution proceeding, the TTAB Panel denied Plaintiff's Petition for Cancellation with respect to short-sleeved t-shirts, long-sleeved t-shirts, and beanies.

18. The TTAB's decision was legally and factually erroneous in many material respects. Amongst the glaring flaws in the decision, the TTAB misapplied the legal standard for demonstrating use of mark where the only evidence of use is the registrant's self-serving

testimony, and then discounted or ignored the lack of records to support Defendant's claims of use of the mark, relying instead on his self-serving, vague, and uncorroborated testimony.

19. On September 25. 2023, Plaintiff filed the Request for Reconsideration which was denied by the TTAB on October 4, 2023.

20. Plaintiff continues to be injured by Defendant's Registration since its Application has not been registered.

21. As a result, Plaintiff is forced to file this Action, retain counsel, and seek *de novo* relief from the Court, which has jurisdiction under 15 U.S.C. § 1071 to review the determination of the TTAB and accept and consider new evidence in doing so.

22. Plaintiff now intends to: (a) seek and introduce evidence in this case, beyond that which was considered by the TTAB; (b) develop and pursue such new evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence; and (c) request the Court undertake *de novo* review for any factual disputes in this case.

23. All conditions precedent to bringing this action have been satisfied or otherwise waived.

## COUNT I
**Request for Judicial Review and Reversal of the TTAB Decision and Cancellation of Defendant's Registration**
**(15 U.S.C. §§ 1071(b)(1) and 1119)**

24. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

58113875.1

25. Plaintiff is dissatisfied with the decision of the TTAB in the Cancellation Proceeding and its erroneous conclusion that Defendant established use of Defendant's Registration.

26. The TTAB's August 24, 2023 decision should be reversed and vacated.

27. Defendant's Registration should be cancelled for nonuse.

28. This Court has the power to order cancellation of Defendant's Registration pursuant to 15 U.S.C. § 1119, and this Court should order the cancellation thereof.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

a. Reversing the August 24, 2023 decision of the TTAB in the Cancellation Proceeding;

b. Ordering the United States Patent and Trademark Office to cancel Defendant's Registration on the grounds of abandonment of the ANTI mark;

c. Awarding Plaintiff its reasonable attorneys' fees, expenses, and costs incurred in this Action; and

d. Awarding Plaintiff such further relief as this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury as to all issues and claims so triable.

Respectfully submitted this 17th day of January, 2024.

SHERMAN & HOWARD, L.L.C.

*s/ Michael Kosma*
Michael Kosma, #55992 (*pro hac vice forthcoming*)
Allison R. Burke, #54916 (*pro hac vice forthcoming*)
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
(303) 297-2900
mkosma@shermanhoward.com
aburke@shermanhoward.com
*Attorneys for Plaintiff TF Intellectual Property Pty Ltd*


KENNERLY, MONTGOMERY & FINLEY P.C.

*s/ Reece Brassler*
Reece Brassler, #038349
550 Main Street, Fourth Floor
Knoxville, TN 37902
(865) 546-7311
rbrassler@kmfpc.com
*Attorneys for Plaintiff TF Intellectual Property Pty Ltd*